UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------x
LAW OFFICES OF ALEKSANDR
VAKAREV,

        Plaintiff,

  -against-

CUNEO, GILBERT & LaDUCA, LLP and
BARRETT LAW GROUP, P.A.,

        Defendants.

**MEMORANDUM AND ORDER**

Case No. 1:21-cv-02942-FB-JRC

*Appearances*:
*For the Plaintiff*:
DAVID KAY BOWLES
Bowles & Johnson PLLC
14 Wall St., 20th Fl.
New York, NY 10005

HELENE E. BLANK
Blank & Star, PLLC
387 New Lot Ave.
Brooklyn, NY 11207

*For the Defendants*:
RALPH MICHAEL SMITH
Cuneo Gilbert & LaDuca, LLP
4725 Wisconsin Ave., N.W.
Washington, D.C. 20016

**BLOCK, Senior District Judge:**

    The plaintiff in this case, the Law Offices of Aleksandr Vakarev ("Vakarev"),[1] initiated this action in the Supreme Court of New York, King's

---

[1] While the plaintiff in this case is the Law Offices of Aleksandr Vakarev, the Court refers to the plaintiff as the individual "Vakarev" throughout this order for the avoidance of confusion.

1

County ("State Court") to recover legal fees to which he believes he is entitled. Vakarev was counsel for Abeer Alrabahi (Alrabahi) in a lawsuit resulting from a tragic accident that led to the death of her daughter. Vakarev claims to have spent hundreds of hours working on Alrabahi's case and obtained a settlement offer of $1,500,000.00 on her behalf. Alrabahi declined the offer. Several months later, Vakarev was notified that Alrabahi was now represented by Defendant Barrett Law Group, P.A. ("Barrett") who was working together with Cuneo, Gilbert & LaDuca ("Cuneo") on Alrabahi's case. Accordingly, Vakarev was discharged as Alrabahi's attorney. The next month, Vakarev and Defendants (the "Parties") entered into a consent to change attorney and agreement as to the division of legal fees (the "Agreement"). Shortly thereafter, Defendants achieved a settlement of $1,900,000.00 on behalf of Alrabahi, which she accepted. Defendants then refused to pay Vakarev the portion of the attorneys' fees to which he claims he is entitled, prompting this action.

  Presently before the Court are four motions: (i) Vakarev's motion to remand to state court, (ii) the Defendants' motion to change venue, (iii) the Defendants' motion to dismiss for failure to state a claim, (iv) and the Defendants' motion to dismiss for lack of personal jurisdiction. The Court first addresses the motion to remand. For the reasons presented below, the motion to remand is granted and accordingly, the Court need not address the remaining three motions. *See Callen v.*

*Callen*, 827 F. Supp. 2d 214, 215 (S.D.N.Y. 2011) (noting that when a court is presented with competing motions to transfer venue and to remand, it should consider the remand motion first and turn to the motion to transfer only if it denies the remand motion).

Vakarev initially filed suit in the State Court and Defendants removed to the Eastern District of New York on the basis of diversity jurisdiction. Now, Vakarev moves under 28 U.S.C. § 1447 to remand the action to the Kings County. The Agreement between the parties contains a forum selection clause naming Supreme Court, Kings County as the venue for fee disputes arising out of the Agreement. Vakarev argues that this clause should be enforced. For the reasons that follow, the Court agrees.

In the Second Circuit, forum selection clauses that require actions to be commenced in state court rather than federal court are enforced. *See Karl Koch Erecting Co. v. New York Convention Ctr. Dev. Corp.*, 838 F.2d 656, 659 (2d Cir. 1988). Exceptions to this rule include fraud and overreach, or when enforcement would be unreasonable or unjust. *See id*.

The forum selection clause in the Agreement states that if the parties "cannot agree on a division of legal fees between them, the matter shall be promptly referred to the Supreme Court, Kings County for a resolution." Pl. Motion to Remand at Ex. A. Vakarev's claim seeks payment for a portion of the attorneys"

3

fees resulting from Alrabahi's settlement, and Defendants have refused to pay. This is clearly a fee dispute covered by the clause.

Defendants argue that enforcement of the clause would be unreasonable and unjust because of inappropriate actions that Vakarev allegedly took while representing Alrabahi. While these allegations of professional misconduct are serious, all but one go to Vakarev's underlying claim for his portion of attorneys' fees rather than to the validity of the forum selection clause or the motion to remand.

The one action that Defendants claim Vakarev took that relates to the forum selection clause is his alleged refusal to share Alrahabi's case file until Defendants paid the costs incurred to retain expert witnesses and build the file. However, Defendants do not allege fraud, but essentially that they were outbargained by Vakarev and had to give in due to impending time constraints on filing for Alrabahi. Vakarev had a right to retain the file under New York common law if he was discharged for cause, though whether he was discharged for cause remains disputed. *See Allstate Ins. Co. v. Nandi*, 258 F. Supp. 2d 309, 311 (S.D.N.Y. 2003). Still, Vakarev points out that Defendants never requested a change in the choice of forum language when the Agreement was determined. Also, the parties are all law firms and thus there existed no disparate bargaining power. Therefore, Vakarev's bargaining tactics did not rise to the level of coercion or overreach that may

4

compel a court to waive a forum selection clause. Accordingly, the forum selection clause is enforced and the motion to remand is granted.

Vakarev also has asked the Court to consider awarding fees and costs related to the remand motion. When there is no reasonable basis for removal of an action, the Court may award attorneys' fees and costs upon remand. *See Children's Vill. v. Greenburgh Eleven Teachers' Union Fed'n of Tchrs., Loc. 1532*, 867 F. Supp. 245, 248 (S.D.N.Y. 1994). However, Defendants' arguments as described above do not rise to the level of lacking any reasonable basis. Therefore, the Court declines to award fees and costs associated with this motion.

## CONCLUSION

Vakarev's Motion to Remand is **GRANTED**.


**SO ORDERED.**

                                                      _/S/ Frederic Block_____

                                                      FREDERIC BLOCK

                                                      Senior United States District Judge

Brooklyn, New York

August 1, 2022